■ In the Matter of DANIEL A. McCURDY, Petitioner, v. WILLIAM F. CADE, as Chairman of the Board of Fire Commissioners of the Town of Eastchester, Respondent.— Consolidated proceedings, pursuant to article 78 of the Civil

Practice Act, to annul determinations of respondent Board of Fire Commissioners, dated respectively, May 10, 1962, July 19, 1962 and January 30, 1963, made after hearings. Pursuant to section 1296 of the Civil Practice Act, by orders of the Supreme Court, Westchester County, dated respectively, September 24, 1962, September 26, 1962 and March 5, 1963, the proceedings have been transferred to this court for disposition. By respondent's determination of May 10, 1962, petitioner, a fireman employed in the Fire Department of the Town of Eastchester, was found guilty of absenting himself from an assigned tour of duty on March 26, 1962, without sufficient excuse, and was suspended without pay for a period of one and one half months. Respondent's determination of July 19, 1962 made a similar finding with respect to an assigned tour of duty on May 12, 1962 and petitioner was suspended without pay for a period of two months. Respondent's determination of January 30, 1963, in substance, made similar findings with respect to an assigned tour of duty on September 20, 1962, and also found: (1) that petitioner was physically incompetent and unable to perform the usual and ordinary duties of a fireman; and (2) that he resided outside the town limits, in violation of a rule of the Fire Department. Based upon such findings, the respondent dismissed petitioner from his position. Determination of May 10, 1962 and July 19, 1962 annulled on the law, without costs, and respondent Board of Fire Commissioners is directed to restore petitioner to his position as fireman, with full pay for the periods of suspension, less the amount of compensation which he may have earned in any other employment or occupation and less any unemployment insurance benefits he may have received during such periods. The board's findings of fact are not affirmed. Determination of January 30, 1963 modified on the law and the facts and in the exercise of discretion, by reducing the punishment from dismissal to suspension for a period of six months commencing as of September 20, 1962. As so modified, determination confirmed, without costs. The board's findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. The uncontradicted proof in the record established that petitioner was suffering from a heart condition and that he refused to accept the assigned tours of duty because he was so advised by his physician. The testimony of the Fire Department's own doctors corroborated the fact that petitioner's health would be endangered by the assigned duties. Under the circumstances, respondent's findings that petitioner absented himself from duty without sufficient excuse were not supported by substantial evidence. However, there was substantial evidence to support the findings that petitioner was physically incompetent to perform the usual duties of a fireman and that he resided outside the town limits, in violation of a rule of the Fire Department. While, in our opinion, physical incompetency is a ground for removal or other disciplinary action within the purview of section 75 of the Civil Service Law (cf. *Matter of Smith* v. *McNamara,* 277 App. Div. 580, 583), as is a violation of the Fire Department's Rules, we are also of the view that the punishment of dismissal was too drastic under the circumstances presented. Petitioner, employed for over 18 years and with an otherwise good record, should not be deprived by dismissal of the right to retire by reason of disability under section 62 of the Retirement and Social Security Law; and respondent Board of Fire Commissioners may take appropriate proceedings to compel such retirement if it be so advised. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.