In the Matter of LOUIS DONOFRIO, Respondent, v CITY OF ROCHESTER et al., Appellants.—Judgment insofar as appealed from vacated on the law, determination unanimously confirmed, and petition dismissed without costs. Memorandum: In this CPLR article 78 proceeding brought to review the determination of the Commissioner of Public Safety and the Chief of Police to discharge petitioner from his position as a police officer, Special Term had no authority to pass upon the propriety of the penalty imposed. Where, as here, the issue is raised whether the determination was supported by substan-

tial evidence, the proceeding must be referred to the Appellate Division and Special Term may pass only upon objections in point of law (CPLR 7804 [g]). As noted by Joseph McLaughlin in his Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR 7804:7), "[t]he apparent purpose of [subdivision (f) of CPLR 7804 referring to objections in point of law] is to permit a motion under any ground specified in CPLR 3211". An objection in point of law, therefore, does not include a claim that the penalty imposed is excessive. Nevertheless, we may consider that all issues in the proceeding have been properly transferred to us.

We determine that the charges were supported by substantial evidence. Moreover, we cannot say that the penalty of dismissal was so disproportionate to the offenses as to shock the conscience of the court (see, Matter of Pell v Board of Educ., 34 NY2d 222).

Petitioner was charged with unlawfully attempting to gain entry with lock picks to an apartment in the State of Florida without the consent of the owner and possession of lock picks with the intention to use them to commit a trespass. These charges were supported by substantial evidence. Although the occupant of the apartment, described by petitioner as an "intimate" female acquaintance of his, testified that he did have permission to enter the apartment at the time of the incident, the police recording of her telephone complaint and the testimony of the Florida police indicate otherwise.

Petitioner was also charged with lying to the professional standards section of the Rochester Police Department during a formal investigation concerning his arrest in Florida on criminal charges. The record shows that petitioner told the officer in charge of the investigation that on the date of his arrest he did not possess lock picks and that he had not previously secluded himself in the closet of the complainant. The record further shows that a Florida police officer saw petitioner using lock picks to enter the apartment of the complainant and that the officer took the lock picks from petitioner. The record shows also that petitioner admitted to two witnesses that he had previously entered the complainant's apartment without her knowledge and secluded himself in her closet.

On this evidence, respondents could properly conclude that petitioner was guilty of deliberately lying at a formal investigatory hearing. In spite of the fact that petitioner has over 30 years of service in the Police Department, respondents did not act arbitrarily in imposing a penalty of dismissal. Respondents

will be severely hampered in performing their obligation to the public to maintain an effective and disciplined police force if they cannot terminate police officers who deliberately make false statements during the course of formal investigations. A police department, as a quasi-military organization, demands strict discipline *(Richichi v Galligan,* 136 AD2d 616; *Matter of De Bois v Rozzi,* 114 AD2d 848). (Appeal from judgment of Supreme Court, Monroe County, Corning, J.—art 78.) Present —Doerr, J. P., Boomer, Green, Pine and Davis, JJ.