OPINION OF THE COURT
WlLMER J. PATLOW, J.
Petitioner Ronald G. Evangelista is a police officer employed as an investigator by respondent Rochester Police Department. Petitioner is also president of the Rochester Police Locust Club, the official exclusive bargaining unit for members of the Rochester Police Department.
*1041 The sequence of events preceding this CPLR article 78 petition is as follows.
During the fall of 1987 the Professional Standards Section of the Rochester Police Department was duly investigating a citizen complaint against one Louis Centola, another officer employed by the Rochester Police Department. The citizen’s complaint included allegations that Officer Centola had engaged in income tax violations in connection with his personal business, Downtown Cleaning Services. During the course of this investigation a check drawn on the business account of Downtown Cleaning Services in the amount of $1,800 signed by Officer Centola and made out to petitioner Evangelista was discovered. On the face of this check was written the words "cabin leáse”.
In November of 1987 petitioner was notified that he must appear as a witness in the ongoing investigation of Officer Centola to testify "[Regarding your knowledge of possible Federal and/or New York State income tax law violations by Officer Louis Centola pertaining to the business known as 'Downtown Cleaning Services’ ”. This notice was issued to petitioner under the authority of section 2.2 of the Rochester Police Department Rules and Regulations which requires that "[e]mployees shall respond as directed by established authority.”
On December 7, 1987 petitioner made himself available for questioning and in fact did answer all of the questions put to him by Sergeant Bruce Philpott and Sergeant Gary Potuck of the Professional Standards Section. Petitioner did so under protest, however, claiming that the interrogation delved into his personal life and violated his rights to privacy, and that he was forced to answer to avoid disobeying a direct order.
In directing petitioner to respond, Sergeant Philpott read into the record certain departmental regulations as follows: "You are required to answer all questions relating to your official duties and responsibilities or fitness for office. Neither your statements nor any information or evidence which is gained by reason of such statements may be used against you in any subsequent criminal proceeding, however, your statements may be used against you in subsequent departmental proceedings. In addition your failure to answer these questions may result in Departmental charges' which could result in your dismissal from the Department.”
The questions and answers concerned a cabin owned by *1042 petitioner which he admittedly leased to Officer Centola in 1985 and 1986. Sergeant Philpott asked petitioner about the nature of the lease, its duration and the form of payment, particularly with respect to one check which was returned to Officer Centola for cash payment in lieu of the check. The sergeant further inquired as to the location of the cabin and its description and whether petitioner ever rented it to anyone else connected with Downtown Cleaning Services other than Officer Centola. Sergeant Potuck asked petitioner whether the lease was in writing, in whose name the deed to the property was held and for further details as to the location of the cabin.
In this article 78 proceeding petitioner seeks a writ of prohibition on behalf of himself and other members of the Rochester Police Locust Club prohibiting respondent police authorities from inquiring into personal matters unrelated to official duties or fitness for office, or otherwise beyond the scope of inquiry set forth in a notice to appear.
It is petitioner’s contention that since he was a witness and not the subject of the investigation, the questions asked of him related not to his own official duties or fitness, but rather to another’s. Petitioner further contends that the questions asked about his cabin were personal in nature and outside the scope of anything having to do with Officer Centola’s alleged tax evasion.
Respondents have cross-moved to dismiss the petition for failure to state a cause of action. Respondents contend that the extraordinary writ of prohibition does not lie where the proceedings to be prohibited, such as those here, are investigatory and therefore executive in nature. According to respondents, petitioner’s rights to privacy are in this instance overridden by respondents’ superior interest in regulating the conduct of police officers and maintaining the integrity of the police force in the public eye. Finally, respondents argue that this article 78 proceeding should be dismissed because petitioner has filed a notice of claim against the City of Rochester and the Rochester Police Department seeking relief based upon the identical issues presented here, and has also indicated his intention to file a grievance relating to the same matter.
The court has fully considered the arguments and legal authority put forth by counsel for all parties and hereby determines that respondents’ application to dismiss the petition must be granted.
The court concludes that the questions put to petitioner *1043 were narrowly drawn and directly related to the topic about which petitioner was called to testify, and that the governmental interests in conducting such investigation outweighed petitioner’s privacy rights.
There is ample authority in Evangelista v City of Rochester (580 F Supp 1556, 1559), cited by petitioner as well as respondents, for "a minimal governmental intrusion for a limited and legitimate purpose” (emphasis in original). In that case the United States District Court for the Western District of New York upheld the City of Rochester’s requirement that city employees disclose their ownership of rental property within the city limits. The purpose of such requirement was to ensure that city employees were not receiving preferential treatment with regard to the handling of building code violations not contributing to the generally poor conditions existing in such housing. Surely the governmental interest in investigating citizen complaint concerning alleged tax evasion by one of the city’s police officers justifies the minimal intrusion upon petitioner’s privacy for the purpose of clarifying the circumstances surrounding the questionable check.
Furthermore, questions probing petitioner’s connection, if any, to the alleged tax evasion scheme, motivated by the discovery of a business check to petitioner for a substantial sum of money for an apparently nonbusiness purpose, are questions directly related to petitioner’s fitness for office despite the fact that petitioner was not himself the subject of the investigation.
In reaching its determination the court has considered judicial opinion to the effect that "[a] police department, as a quasi-military organization, demands strict discipline” (Matter of Donofrio v City of Rochester, 144 AD2d 1027, 1029 [Nov. 15, 1988]). The internal regulations relied upon by respondent Rochester Police Department and applied to petitioner herein are well within the legitimate authority exercised by a police force for the purpose of maintaining discipline within its ranks.
The court notes that a request in respondents’ cross motion for an order directing the record be sealed has been rendered moot by virtue of the prior release of the petition and cross motion in this proceeding.
Respondents’ cross motion is hereby granted to the extent it seeks dismissal of this article 78 proceeding and the petition is hereby dismissed on the merits.