■ In the Matter of ROBERT PERRY, Petitioner, v MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF ROCHESTER, Respondent. [594 NYS2d 507] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Respondent's determination was supported by substantial evidence *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). The Hearing Board's resolution of credi-

bility issues is "largely unreviewable by the courts" and we will not substitute our determination of the credibility of the witnesses for that of the Hearing Board *(Matter of Berenhaus v Ward, supra,* at 443; *Sierra v McGuire,* 60 NY2d 720, *revg on dissenting opn of Alexander, J.,* 91 AD2d 179, 185-189; *Matter of Collins v Codd,* 38 NY2d 269, 270-271).

Finally, we conclude that the sanction imposed, discharging petitioner from his position as a police officer, was not excessive *(see, Matter of Berenhaus v Ward, supra,* at 445; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). "In matters of police discipline, we must accord great leeway to [respondent's] determinations concerning appropriate punishment, because [it], and not the courts, is accountable to the public for the integrity of the Department" *(Matter of Berenhaus v Ward, supra,* at 445). As we noted in *Matter of Donofrio v City of Rochester* (144 AD2d 1027, 1028-1029, *lv denied* 73 NY2d 708), "[r]espondents will be severely hampered in performing their obligation to the public to maintain an effective and disciplined police force if they cannot terminate police officers who deliberately make false statements during the course of formal investigations. A police department, as a quasi-military organization, demands strict discipline". (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Rosenbloom, J.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.