■ In the Matter of ALFRED MARTINEZ, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [635 NYS2d 610] —Determination of respondent

New York City Housing Authority dated October 27, 1994, dismissing petitioner from his position as a Housing Authority police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered on or about March 1, 1995) dismissed, without costs.

There is no merit to petitioner's contention that failure to introduce into evidence the New York City Housing Authority Patrol Guide Manual prejudiced his right to be duly informed of the charges against him. The specifications on their face made clear what petitioner was being charged with, and he showed an understanding of the charges when he consented to the introduction of respondent's letter setting them forth and waived a formal reading thereof. Nor is there merit to petitioner's contention that substantial evidence is lacking to support the determination that he made untruthful statements in the course of an official investigation and interfered with the administration of law, as specified. The police officers' testimony concerning what petitioner said to two undercover New York State investigators while they were conducting surveillance of premises linked to a gambling machine vendor, although hearsay and not entirely consistent, was sufficiently reliable and probative to constitute substantial evidence (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139; *Matter of LaFemina v Brown*, 194 AD2d 405). Similarly, the detective's testimony that petitioner did not identify himself before being patted down supported the finding that petitioner falsely stated that he had immediately identified himself as a police officer. The penalty of dismissal is not disproportionate to petitioner's misconduct. Concur—Wallach, J. P., Kupferman, Ross, Williams and Tom, JJ.