In the Matter of ANTHONY J. ROTOLO, Petitioner, v CITY OF NORTH TONAWANDA et al., Respondents. [674 NYS2d 190] —De-

termination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination that he violated rules of respondent City of North Tonawanda Police Department (Police Department) by failing to answer truthfully questions posed to him during an internal investigation, refusing to cooperate fully in the investigation, and refusing to comply with the orders of respondent Chief of Police, including the order that he provide a statement under oath. Contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444; *Matter of Martinez v Franco*, 222 AD2d 335, 336). The record establishes that in December 1994 the Police Department conducted an internal investigation into allegations of bribes by police officers to political officials. The Chief of Police ordered petitioner, a captain in the Police Department, to appear and give testimony under oath in the investigation. Petitioner was interviewed on two separate occasions and, after being offered immunity from administrative action, refused to answer questions under oath. During the interviews, petitioner stated that he had no knowledge of a bribe scheme involving the Broadway Hotel and that he was not involved in another scheme involving a retirement party for two aldermen. The Police Department subsequently brought formal charges against petitioner, alleging that his answers were untruthful; he failed to cooperate with the internal investigation; and he failed to comply with a direct order of the Chief of Police. At a Civil Service Law § 75 hearing, testimony was adduced from one of the aldermen and other individuals concerning petitioner's involvement in the Broadway Hotel bribe scheme, and testimony was elicited regarding petitioner's statements in tape-recorded conversations regarding the bribe scheme. In addition, testimony was introduced with regard to petitioner's involvement in a retirement party scheme. That testimony constitutes substantial evidence to support the determination, i.e., evidence " 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273).

We further conclude that the sanction imposed, demoting petitioner from captain to lieutenant and discharging him from the Police Department, was not shocking to the conscience (*see, Matter of Perry v Municipal Civ. Serv. Commn.*, 191 AD2d 971, 972, *lv denied* 82 NY2d 653; *Matter of Donofrio v City of Rochester*, 144 AD2d 1027, 1028-1029, *lv denied* 73 NY2d 708; *see*

*also, Matter of Martinez v Franco, supra,* at 336). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Niagara County, Fahey, J.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.