■ In the Matter of SHARONE H. OCEAN, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [676 NYS2d 390] —Determination

unanimously confirmed without costs and petition dismissed. Memorandum: Because the petition in this CPLR article 78 proceeding raised a substantial evidence question, Supreme Court should not have ruled on the other legal issue raised therein (*see,* CPLR 7804 [g]; *Matter of Davis v Kelly,* 145 AD2d 950, *lv denied* 74 NY2d 603). The matter now being before us, however, we may decide the issue de novo.

There is no merit to petitioner's contention that respondent's determination was arbitrary, capricious and an abuse of discretion because respondent violated its own rules and regulations (Directive 4910) governing pat frisks. That rule defines a "pat frisk" as "a search by hand of an inmate's person and his or her clothes while the inmate is clothed" and specifically provides that "[t]he search shall include searching into the inmate's clothing" (Directive 4910 [III] [B] [1]). The correction officer who conducted the search of petitioner testified that he was aware of the Directive's pat frisk procedures and that he had substantial experience with those procedures. He testified that he checked the inside zipper seam of petitioner's pants and found a cut-out; inside the cut-out, he found a piece of steel sharpened to a razor edge. Although the officer acknowledged that he had to unbuckle and unzip petitioner's pants to conduct the search, there is no merit to petitioner's contention that the search was an unauthorized "strip frisk".

Respondent's determination is supported by substantial evidence (*see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *People ex rel. Vega v Smith,* 66 NY2d 130, 139). The written misbehavior report and the testimony of the correction officer who authored the report and conducted the pat frisk are sufficient to support respondent's determination that petitioner possessed contraband that may be classified as a weapon. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm JJ.