In the Matter of DAVID G. DEWEY, Petitioner, v ELROY POWLEY, as President of Board of Fire Commissioners of City of Lockport, et al., Respondents. [690 NYS2d 365] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: The determination that petitioner violated Lockport Fire Department (Fire Department) rules by sleeping on duty during the day shift, failing to conduct himself in a manner

that reflected favorably on the Fire Department, and engaging in behavior that brought discredit or disgrace upon the Fire Department is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). In view of the number of instances of misconduct within the relatively short period of petitioner's employment with the Fire Department, the penalty of dismissal is not so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Wickert v Aponte,* 129 AD2d 803).

Because the petition raised a substantial evidence issue, Supreme Court properly transferred that issue and the issue of the severity of the penalty to this Court (*see,* CPLR 7804 [g]). The court erred, however, in ruling on the other legal issue raised therein, i.e., petitioner's entitlement to back pay (*see, Matter of Ocean v Selsky,* 252 AD2d 984; *Matter of Donofrio v City of Rochester,* 144 AD2d 1027, 1027-1028, *lv denied* 73 NY2d 708). Nevertheless, we may decide the issue as if it had been properly transferred (*see, Matter of Ocean v Selsky, supra; Matter of Donofrio v City of Rochester, supra,* at 1028). Respondents concede that petitioner is entitled to back pay and benefits up to July 15, 1996, the date of his termination (*see, Matter of O'Reilly v City of White Plains,* 92 AD2d 920, 921). We therefore modify the determination by directing respondents to pay petitioner back pay and benefits from May 19, 1995 through July 15, 1996, less the 30-day period of his suspension without pay authorized by Civil Service Law § 75 (3). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Niagara County, Koshian, J.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.