■ In the Matter of DANIEL P. ARMETTA, Appellant, v TOWN OF BETHEL et al., Respondents. [697 NYS2d 389] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered July 23, 1998 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted certain respondents' motion to dismiss the petition for, *inter alia*, failure to state a claim upon which relief can be granted.

In July 1991 petitioner, then employed by the Town of Bethel Highway Department in Sullivan County, sustained serious physical injuries as the result of a work-related accident. Thereafter, in July 1996, petitioner was advised by respondent Richard H. Yeomans, Superintendent of Highways for respondent Town of Bethel, that his employment was terminated due

to the fact that his disability had precluded him from performing his duties for a period of at least one year. Eight months later, in March 1997, petitioner notified Yeomans and respondent Allan C. Scott, the Town Supervisor, that he was able to return to work and requested guidance as to the appropriate procedure to be followed to resume his employment. Yeomans advised petitioner in April 1997 to speak with his attorney regarding the relevant procedure and, further, directed petitioner in November 1997 to refer all communications regarding his employment to respondent Richard Greene, the Sullivan County Director of Personnel.

In March 1998, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel the performance of a medical examination in accordance with Civil Service Law § 71 and asserting, *inter alia*, that he had been wrongfully terminated from his employment. Scott, Yeomans and the Town (hereinafter collectively referred to as respondents) moved to dismiss the petition contending, *inter alia*, that petitioner had failed to follow the procedure outlined in Civil Service Law § 71 with respect to his request for a physical examination and that his challenge to his termination was time barred. Supreme Court granted respondents' motion and this appeal by petitioner ensued.

Pursuant to Civil Service Law § 71, an employee who has been separated from service due to a disability resulting from an occupational injury or disease as defined by the Workers' Compensation Law "may, within one year after the termination of such disability, make application to the civil service department or municipal commission having jurisdiction over the position last held by [the] employee for a medical examination to be conducted by a medical officer selected for that purpose by such department or commission". Petitioner, as so limited by his brief, contends that Yeomans was compelled to provide him with such an examination and that Yeomans' failure to do so, as allegedly evidenced by Yeomans' November 1997 letter to petitioner, rendered petitioner "aggrieved" for purposes of commencing the instant proceeding. Petitioner's argument on this point is, in our view, flawed in several material respects.

As a starting point, petitioner's March 1997 letter to Yeomans did not, by its own terms, constitute an application for a medical examination in accordance with Civil Service Law § 71. Petitioner merely requested procedural advice and, to that end, Yeomans first suggested that he contact his attorney and, later, that petitioner direct his communications to Greene.

Moreover, even assuming that such letter could be deemed an application for a medical examination, it is apparent from a review of the record and both Civil Service Law § 2 (4), which defines the term "municipal commission", and Civil Service Law § 17, which delineates the duties of, among others, a personnel officer of a county, that any such request should have been addressed to Greene (the Sullivan County Director of Personnel), not Yeomans (the Town Superintendent of Highways). Finally, as Supreme Court correctly observed, Yeomans never denied petitioner a physical examination; rather, he simply advised petitioner to direct his communications to Greene. Hence, although petitioner claims that he was aggrieved by Yeomans' "decision" to refer his inquires to Greene, it is apparent that there was in fact no "final determination" for Supreme Court to review. Petitioner's remaining arguments in support of reversal have been examined and found to be lacking in merit. Accordingly, Supreme Court's judgment is affirmed.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.