■ In the Matter of CHARLES A. CASTRO, Petitioner, v HOW-ARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [717 NYS2d 44] —Determination of respondent Police Commissioner dated December 30, 1998, which dismissed petitioner from his position as a police sergeant, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Franklin Weissberg, J.], entered July 13, 1999), dismissed, without costs.

Substantial evidence supports respondent's finding that petitioner's admitted failure, in his first official departmental interview, to give an accurate account of his role in the matter under investigation was not due to the faulty recollection he claimed in his second interview and in the disciplinary proceeding, but was rather a deliberate falsehood likely intended to protect a fellow officer who was dismissed from the force between petitioner's two interviews. No basis exists to disturb respondent's findings of credibility (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The penalty of dismissal does not shock our sense of fairness (*cf., Matter of Donofrio v City of Rochester*, 144 AD2d 1027, 1028-1029). Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.