■ In the Matter of Henry M. Roenke et al., Appellants, v State University of New York et al., Respondents. [726 NYS2d 771] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 4, 2000 in Albany County, which, in a proceeding pursuant to CPLR article 78, upon reconsideration, adhered to its prior decision granting respondents' motion to dismiss the petition as time barred.

Prior to January 1, 1998, petitioners participated in a tax deferred savings plan pursuant to Education Law § 399, which permitted petitioners, as employees of two community colleges operating under Education Law article 126, to invest in annuity and/or custodial accounts by payroll deduction (*see,* Education Law § 399 [1], [2]). In or about December 1997, petitioners were advised that respondent State University of New York (hereinafter SUNY) no longer would permit them to make contributions to their respective custodial accounts. Petitioners were, however, permitted to make contributions to various tax sheltered annuities.

Thereafter, in August 1998, petitioners commenced the instant proceeding pursuant to CPLR article 78 alleging, *inter alia*, that Education Law § 399 compelled SUNY to designate a company or companies from which employees such as petitioners could purchase shares in a tax deferred custodial account and, further, that SUNY's failure to do so resulted in the loss of investment opportunities and income for petitioners and others similarly situated. Respondents moved to dismiss the proceeding as time barred and Supreme Court, receiving no opposition thereto, granted the motion. Petitioners thereafter moved to renew/reargue* and Supreme Court, upon renewal, adhered to its prior decision. This appeal by petitioners ensued.

We affirm. The crux of petitioners' argument on appeal is that Education Law § 399 mandates that SUNY promulgate a

---

* It appears that petitioners' papers in opposition to respondents' motion had been forwarded to another Justice's chambers.

list of companies from which shares in a custodial account may be purchased. As petitioners are seeking to require SUNY to discharge its statutory duty, the argument continues, the relief sought is in the nature of mandamus to compel and, as such, the Statute of Limitations does not begin to run until an appropriate demand is made and refused (*see, e.g., Matter of Coliseum Towers Assocs. v Livingston*, 153 AD2d 683, 685-686, *affd* 80 NY2d 961). Viewing the underlying petition as their first "demand" that respondents comply with the provisions of Education Law § 399 (4) and (5), petitioners assert that this proceeding was timely commenced.

The primary flaw in petitioners' argument is that nothing in Education Law § 399 compels SUNY to establish custodial account programs in the first instance. Education Law § 399 (1) provides as follows: "An employer *is hereby authorized* to establish by resolution special annuity and custodial account programs which shall provide for the purchase of contracts or establishment of custodial accounts providing retirement and death benefits for or on behalf of employees electing to enter into an agreement with such employer providing for a reduction of annual salary for the purpose of purchasing such contracts or for making contributions to such custodial accounts" (emphasis supplied). That SUNY is permitted but not required to establish such programs is made even clearer by the language contained in Education Law § 399 (2), which begins, "[w]here the employer has established a special annuity and/or custodial account program authorized by this article." Thus, while SUNY "[must] designate the insurer or insurers from which such annuity contracts or in the case of custodial accounts, the company or companies from whom regulated investment company shares shall be purchased" (Education Law § 399 [4]), where such programs have been established, the statute simply does not, as petitioners contend, mandate the establishment of custodial account programs for their benefit.

Having concluded that Education Law § 399 vests SUNY with the discretion, but not the statutory duty, to establish the subject account, it necessarily follows that the underlying proceeding is in the nature of mandamus to review. Where a party seeks to review an administrative determination, the Statute of Limitations begins to run from the date that the determination became final and binding upon such party (*see, e.g., Matter of Edmead v McGuire*, 67 NY2d 714, 716). As the record reflects that petitioners were advised in or about December 1997 that, effective January 1, 1998, they no longer

would be permitted to make contributions to their respective custodial accounts, this proceeding, commenced in August 1998, plainly is time barred. Accordingly, Supreme Court properly granted respondents' motion to dismiss.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.