■ In the Matter of STEVEN J. MITCHELL, Appellant, v ESSEX COUNTY SHERIFF'S DEPARTMENT et al., Respondents. [755 NYS2d

486] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered January 30, 2002 in Essex County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner worked for respondent Essex County Sheriff's Department as a Deputy Sheriff, primarily as a school resource officer. On February 13, 2001, he was assigned to work as a dispatcher. Petitioner voluntarily left work that day after claiming—according to him—that he was "not medically stable" to continue working. Respondents contend, however, that petitioner stated that he was "mentally unstable" to perform his duties. Upon his return to work on February 20, 2001, respondent Henry Hommes, Sheriff of Essex County, told petitioner that he would not be permitted to return to work until he underwent a medical examination relative to his absence. Petitioner consulted with his personal physician, Herbert Savel, who advised him that after speaking to Hommes, he believed that petitioner should see a psychiatrist.

Petitioner was subsequently examined by psychiatrist Frank Veress and diagnosed as having a bipolar disorder requiring six to seven months of treatment. Veress recommended that petitioner be assigned to a position that did not require him to carry a gun while undergoing therapy. On May 2, 2001, Hommes met with petitioner, advised him of the diagnosis and informed him that he could return to work under the conditions suggested by Veress. Petitioner refused to return to work under the given conditions. Petitioner thereafter consulted a psychologist who recommended that he be permitted to return to work without restriction or further psychotherapeutic treatment.

On May 22, 2001, petitioner filed a claim for workers' compensation benefits and, on May 23, 2001, petitioner's union filed a grievance on his behalf under the applicable collective bargaining agreement, claiming that on February 20, 2001, respondents had denied him of his rights pursuant to Civil Service Law § 72. The grievance was denied in step one and two decisions. On July 26, 2001, petitioner requested benefits pursuant to General Municipal Law § 207-c, claiming that his discovery of the body of an inmate who had committed suicide had injured him.

Petitioner commenced this CPLR article 78 proceeding on September 28, 2001, seeking to compel respondents to comply with Civil Service Law § 72 and restore his salary and leave benefits retroactively to February 20, 2001. Upon respondents' motion, Supreme Court dismissed the petition. The court

determined that mandamus to compel did not lie and treated the petition as one seeking relief in the nature of mandamus to review Hommes' February 20, 2001 and May 2, 2001 decisions. Supreme Court then concluded that the proceeding was barred by the applicable statute of limitations and that, in any event, Hommes' determinations were reasonable. Petitioner now appeals.

Mandamus lies to compel the performance of a nondiscretionary, ministerial duty where there has been a showing of a clear legal right to the relief sought (*see Matter of Brusco v Braun*, 84 NY2d 674, 679; *Matter of Young v Coccoma*, 291 AD2d 767, 768). A petitioner seeking relief in the nature of mandamus to compel is not aggrieved until an appropriate demand is made and refused (*see Matter of De Milio v Borghard*, 55 NY2d 216, 220; *Matter of Roenke v State Univ. of N.Y.*, 284 AD2d 781, 782). Here, petitioner made his demand for compliance with Civil Service Law § 72 when he filed his grievance, and that demand was ultimately refused.

In connection with the grievance and in his separately filed workers' compensation claim, petitioner stated that he had a mental or emotional disability as a result of his discovery of the body of an inmate who had committed suicide by hanging. Thus, while petitioner asserts that Hommes believed his disability to be related to personal problems, at the time petitioner made his demand and was aggrieved by its refusal, he claimed that his disability resulted from an occupational injury entitling him to workers' compensation benefits. Civil Service Law § 72 (1), however, entitles an employee to certain protections only when placed on leave of absence due to "a disability, other than a disability resulting from occupational injury or disease as defined in the workers' compensation law." Accordingly, we perceive no error in the determination that mandamus to compel does not lie here because Civil Service Law § 72 does not apply to impose a nondiscretionary duty upon respondents and petitioner has not demonstrated a clear entitlement to the relief requested.

Morever, Supreme Court did not abuse its discretion in converting the proceeding to one sounding in mandamus to review (*see* CPLR 103 [c]; *Matter of Nelkin v H.J.R. Realty Corp.*, 25 NY2d 543, 547 n 2; *Matter of Fortunato v Workers' Compensation Bd. of State of N.Y.*, 270 AD2d 641, 643, *lv denied* 95 NY2d 761), because the crux of any arguably remaining claims is essentially that Hommes erred in refusing to allow petitioner to return to work unconditionally. Hommes' second and final determination in that regard was made on May 2,

2001. Petitioner did not commence this proceeding until September 28, 2001. Inasmuch as resort to an unavailable grievance proceeding will not toll the statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976, *cert denied* 469 US 823), Supreme Court properly dismissed the proceeding as barred by the applicable four-month limitations period (*see* CPLR 217 [1]; *see generally Matter of Saraf v Vacanti*, 223 AD2d 836, 838). In light of our determination, it is not necessary for us to address petitioner's remaining arguments.

Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.