■ In the Matter of DONALD L. HASSIG, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [773 NYS2d 158]—

Crew III, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered December 2, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel respondent Department of Health to "commence the development and implementation of a breast cancer prevention program, which meets the approval of Cancer Action NY," an organization founded by petitioner. Specifically, petitioner sought to compel the Department to educate women residing within certain zip codes in Suffolk County regarding the risk of consuming dioxin-contaminated animal fat foods. Respondents moved to dismiss, contending that petitioner lacked standing to maintain this proceeding and the underlying petition failed to state a cause of action. Supreme Court granted respondents' motion and dismissed the petition for failure to state a cause of action, prompting this appeal by petitioner.

We affirm. To establish standing, petitioner was required to demonstrate that he had sustained an injury in fact—different in kind and degree from that suffered by the public at large—that falls within the zone of interest to be protected by the statutory provisions upon which he relies (*see Matter of Parkland Ambulance Serv. v New York State Dept. of Health*, 261 AD2d 770, 771-772 [1999], *lv denied* 93 NY2d 818 [1999]). This petitioner failed to do.

Public Health Law § 201 (1) (g) requires the Department to "promote education in the prevention and control of disease" and, to that end, Public Health Law § 2405 establishes a breast cancer detection and education program within the Department. By seeking to promote breast cancer education, petitioner is doing nothing more than advancing interests shared by the public at large, and the mere fact that petitioner wishes to educate an identified portion of the population regarding a specific risk factor does not constitute proof of a particularized harm sufficient to confer standing. Accordingly, the petition should have been dismissed on this basis.

Respondents' alternate basis for dismissal—failure to state a cause of action—is equally persuasive. Petitioner seeks to

compel the Department to develop and implement a breast cancer prevention program that is acceptable to the organization he founded. In this regard, the case law makes clear that "[m]andamus lies to compel the performance of a nondiscretionary, ministerial duty where there has been a showing of a clear legal right to the relief sought. A petitioner seeking relief in the nature of mandamus to compel is not aggrieved until an appropriate demand is made and refused" (*Matter of Mitchell v Essex County Sheriff's Dept.*, 302 AD2d 732, 734 [2003], *lv denied* 100 NY2d 506 [2003] [citations omitted]).

Assuming, without deciding, that the correspondence received by petitioner from various Department personnel indeed constituted a refusal to implement the requested program, there simply is nothing in either Public Health Law § 201 or § 2405 that compels the Department to implement any particular type of breast cancer prevention or education program in Suffolk County, let alone one that must meet the mandates of a private organization. Stated another way, although the Department must provide a breast cancer detection and education program, there is no requirement that it do so in the fashion urged by petitioner. That being the case, petitioner has failed to demonstrate the existence of a nondiscretionary, ministerial duty and, hence, mandamus to compel does not lie. Petitioner's remaining contentions, to the extent that we need address them, have been examined and found to be lacking in merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.