■ In the Matter of STEVEN J. MITCHELL, Appellant, v ESSEX COUNTY SHERIFF's DEPARTMENT et al., Respondents. [788 NYS2d 243]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Sise, J.), entered December 11, 2003 in Essex County, which, in a proceeding pursuant to CPLR article 78, inter alia, granted respondents' motion to dismiss the petition.

A detailed recitation of the underlying facts of this matter is set forth in a prior decision of this Court (*Matter of Mitchell v Essex County Sheriff's Dept.*, 302 AD2d 732 [2003], *lv denied* 100 NY2d 506 [2003]), in which we concluded that a CPLR article 78 proceeding seeking to compel respondents to comply with Civil Service Law § 72 and restore petitioner's salary and leave benefits was properly dismissed because mandamus to compel did not lie and petitioner's remaining claims were barred by the applicable statute of limitations. While petitioner's appeal in that proceeding was pending before this Court, he commenced the instant CPLR article 78 proceeding seeking to compel respondents to comply with Civil Service Law § 73 by providing him with a medical examination to determine whether he is fit to perform the duties of his former position of deputy sheriff and, if so, to reinstate him, place him in another vacant position or place him on a preferred list. Supreme Court granted respondents' motion to dismiss the petition, concluding, among other things, that the proceeding was time-barred. Petitioner appeals and we now affirm.

When a petitioner seeks relief in the nature of mandamus to compel, he or she is not aggrieved and, thus, the four-month statute of limitations for commencing a proceeding set forth in CPLR 217 (1) does not begin to run until an appropriate demand is made and refused (*see Matter of Roenke v State Univ. of N.Y.*, 284 AD2d 781, 782 [2001]; *see also Matter of Armetta v Town of Bethel*, 265 AD2d 789, 790-791 [1999]). In addition, Civil Service Law § 73 provides that an employee whose position has been terminated due to continuous absence for one year or more as a result of a nonoccupational disability "may, *within one year*

*after the termination of such disability*, make application . . . for a medical examination to be conducted by a medical officer selected for that purpose'' by the civil service employer (emphasis added). Here, petitioner informed respondent Essex County Sheriff that he no longer suffered from a disability and presented a report from a psychologist to support his assertion in May 2001. He did not demand reinstatement and the rights accorded to him under the Civil Service Law, however, until September 27, 2002, more than one year after he claims his disability ceased. Inasmuch as petitioner's demand was not timely made under Civil Service Law § 73 (*see Matter of Pomakoy v Lombardo*, 173 AD2d 13, 15 [1991]), Supreme Court properly dismissed the petition regardless of whether the proceeding was commenced within four months after the demand was made and refused. Our decision renders the parties' remaining arguments academic.

Crew III, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.