■ In the Matter of STEVEN J. MITCHELL, Petitioner, v COUNTY OF ESSEX et al., Respondents. [797 NYS2d 156]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review a determination of respondents which terminated petitioner's employment as a Deputy Sheriff.

Following a hearing pursuant to Civil Service Law § 75, petitioner, a Deputy Sheriff employed by Essex County, was found guilty of taking unjustified and unauthorized leave and of abandoning his position. The facts regarding this matter are more fully set forth in prior decisions of this Court (*Matter of Mitchell v Essex County Sheriff's Dept.*, 14 AD3d 825 [2005]; *Matter of Mitchell v Essex County Sheriff's Dept.*, 302 AD2d 732 [2003], *lv denied* 100 NY2d 506 [2003]), and are stated here only briefly. On February 13, 2001, an upsetting interpersonal incident caused petitioner to leave work before the end of his shift. Thereafter, petitioner agreed to undergo an examination by a psychiatrist. In accordance with the examiner's recommendation, respondent Henry Hommes, the Essex County Sheriff, informed petitioner on May 2, 2001 that he could return to work in an assignment that did not require him to carry a gun, and that he would be required to undergo mental health treatment for a six-month period. Petitioner objected to those conditions and has not returned to work since. Following a variety of administrative and judicial proceedings relating to petitioner's absence from work, the Civil Service Law § 75 hearing at issue on this appeal was held on December 9, 2003.

In this proceeding pursuant to CPLR article 78, petitioner

contends, among other things, that the Hearing Officer's determination of guilt is not supported by substantial evidence. The essence of petitioner's argument is that his absence was not unjustified, and he did not abandon his position, because the conditions imposed by Hommes were unlawful and petitioner was therefore justified in refusing to return to work. At the threshold, petitioner's implicit challenge to the legality of Hommes's imposition of conditions is not properly before us because it is time-barred (*see Matter of Mitchell v Essex County Sheriff's Dept.*, 302 AD2d 732, 735 [2003], *supra*). Moreover, petitioner's belief that he was justified in declining to return to work does not negate the Hearing Officer's finding that his absence was not justified (*cf. Matter of Gradel v Lilholt*, 257 AD2d 972, 972-973 [1999]; *compare Matter of McCurdy v Cade*, 19 AD2d 627, 628 [1963]). There was evidence that petitioner had declared himself "mentally unstable" to perform his job, and that a psychiatrist recommended the conditions imposed by Hommes. There was uncontradicted evidence, including petitioner's admission, that he was physically and mentally capable of returning to work, but that he had not returned to work since May 2, 2001 solely because he found the conditions to be unacceptable. Simply put, there is substantial evidence that petitioner's absence from work lacked justification. Furthermore, even if petitioner's claimed desire to preserve his rights pursuant to Civil Service Law § 72 could provide a justification for his absence, it does not do so in this case as petitioner did not timely pursue those rights (*see Matter of Mitchell v Essex County Sheriff's Dept.*, 302 AD2d 732, 735 [2003], *supra*). Similarly, the finding that petitioner's extended and unabated absence constituted abandonment of his position is supported by substantial evidence.

Under the circumstances of this matter, we do not find the penalty of dismissal so disproportionate to petitioner's offense as to shock our conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Petitioner's absence from his position because he disagreed with the conditions imposed upon his return to work was a direct challenge to the authority of Hommes, a quasimilitary employer for whom discipline and authority over the workforce is crucial (*see Matter of Perry v Municipal Civ. Serv. Commn. of City of Rochester*, 191 AD2d 971, 972 [1993], *lv denied* 82 NY2d 653 [1993]; *Matter of Donofrio v City of Rochester*, 144 AD2d 1027, 1028-1029 [1988], *lv denied* 73 NY2d 708 [1989]). Further, the record bears evidence that petitioner's return would be detrimental to the operation of the sheriff's office.

Petitioner's remaining contention has been considered and found to be meritless.

Crew III, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.