■ In the Matter of ORELVIS FELIZ, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [871 NYS2d 754]—

Appeal from a judgment of the Supreme Court (O'Shea, J.),

entered July 27, 2007 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit possession of a weapon, possession of an altered item and smuggling after a random pat frisk disclosed a sharpened plexiglass shank secreted in the inseam of petitioner's pants. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty and an administrative penalty was imposed. Although the penalty subsequently was modified, petitioner's administrative appeal otherwise was unsuccessful. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to have the determination annulled upon the ground that the pat frisk conducted actually was an unauthorized strip frisk. Supreme Court dismissed petitioner's application, prompting this appeal.

Contrary to petitioner's assertion, the underlying petition, which challenges only the manner in which the weapon was recovered from petitioner, does not raise an issue of substantial evidence and, hence, Supreme Court did not err in failing to transfer this proceeding (*see Matter of Berry v Goord*, 42 AD3d 614, 615 [2007]). As to the substance of petitioner's argument, the correction officer testified that during a random pat frisk, he felt an object in the inseam of petitioner's pants. When questioned as to the origin of the object, petitioner told the correction officer that it was a weapon, which the officer subsequently observed was attached to petitioner's underwear with a string. The correction officer then removed the weapon from the string and secured it. Even assuming that the officer had to unzip petitioner's pants in order to observe and/or retrieve the weapon, there is no merit to petitioner's claim that the officer's conduct constituted an unauthorized strip frisk (*see Matter of Ocean v Selsky*, 252 AD2d 984 [1998]). Accordingly, Supreme Court's judgment is affirmed.

Cardona, P.J., Peters, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.