Matter of Curry v New York State Educ. Dept. (2018 NY Slip Op 05393)





Matter of Curry v New York State Educ. Dept.


2018 NY Slip Op 05393


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

526014

[*1]In the Matter of DAVID A. CURRY et al., Appellants,
v
NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Education Law Center, Newark, New Jersey (Matthew Schock of O'Melveny & Myers LLP, New York City, of counsel), for appellants.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for New York State Education Department and others, respondents.
Morgan, Lewis & Bockius LLP, New York City (Stephanie Schuster of counsel), for East Ramapo Central School District, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered September 26, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioners are the parents of children who attend various schools within respondent East Ramapo Central School District (hereinafter the district). Petitioners commenced this CPLR article 78 proceeding against respondents New York State Education Department, New York State Board of Regents, Commissioner of Education and Chancellor of the Board of Regents (hereinafter collectively referred to as respondents), claiming that the East Ramapo Board of Education (hereinafter the Board) mismanaged the district's finances and, as a consequence of such mismanagement, deprived students within the district of a sound basic education. According to the petition, a commissioned report evaluating the district concluded, among other things, that the Board favored students who attended private schools within the district, exercised poor fiscal management and demonstrated a lack of transparency. The commissioned report made recommendations on how to remedy any identified deficiencies. The [*2]petition also referenced other reports, including one prepared by monitors appointed by the Education Department to assess the Board's activities. Petitioners alleged that this report recommended changes to the Board's governance and fiscal management, among other things. Petitioners requested a writ of mandamus compelling "[r]espondents to intervene and take such action as may be necessary and appropriate to remedy the ongoing violation of students' constitutional right to a sound basic education in East Ramapo" and ordering respondents to implement the recommendations made in the various reports referenced in the petition. Respondents moved to dismiss the petition arguing, among other things, that petitioners lacked standing to commence the proceeding and that mandamus to compel did not lie because petitioners sought the performance of a nonministerial act. The district, which intervened in the action, submitted a memorandum in support of respondents' motion. Supreme Court granted the motion and petitioners now appeal.
As an initial matter, respondents contend that the appeal is moot in view of remedial legislation that came into effect in 2016 after the commencement of this proceeding. "[A]n appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Among other things, the 2016 remedial legislation, of which we take judicial notice (see CPLR 4511 [a]), continued the use of monitors to attend all of the Board's meetings and also appropriated up to $3,000,000 to the district to enhance the educational opportunities for the district's students (see L 2016, ch 89, §§ 4, 5). On this latter point, the district would receive funding provided that it, among other things, developed a long-term strategic academic and fiscal plan addressing areas of need in consultation with the monitors and that the plan be approved by the Commissioner (see L 2016, ch 89, § 5 [b])[FN1]. To that end, respondents note that the Commissioner approved the district's proposed 2017-2018 budget and that the monitors submitted a report delineating the various improvements made.
We agree with respondents that the remedial legislation cited by them renders moot that part of the petition requesting that respondents intervene and take action in the district's affairs. Petitioners, however, also requested that respondents take specific action upon intervention — namely, adopting the recommendations in the reports cited in the petition. Respondents do not indicate whether these specific recommendations have been effectuated and, in fact, recognize that the remedial legislation did not give the Commissioner the authority to take all of the actions that petitioners seek to compel. Accordingly, the appeal has not been rendered wholly moot (see Matter of City of Glens Falls v Town of Queensbury, 90 AD3d 1119, 1120-1121 [2011]).
Turning to the issue of whether petitioners had standing to commence this proceeding, "[s]tanding is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]; see Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1055 [2006], lv dismissed 7 NY3d 844 [2006]). Petitioners bear the burden of showing that they suffered an injury-in-fact and that the claimed injury is within the zone of interests sought to be promoted by the statute or constitutional provision (see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772-773; Matter of Town of Brunswick v County of Rensselaer, 152 AD3d 1108, 1109 [*3][2017]). As discussed, petitioners alleged that the Board, through "mismanagement and neglect," failed to provide the necessary resources in order for their children, who are attending schools within the district, to receive a sound basic education. They further alleged that various reports made recommendations to remedy the alleged "mismanagement and neglect" and that respondents failed to implement these recommended measures. In our view, petitioners have sufficiently alleged a threatened harm to the children's constitutional right to receive a sound basic education based upon respondents' alleged failure to take corrective action as identified in the petition's cited reports (see Davids v State of New York, 159 AD3d 987, 992 [2018]; cf. Brown v State of New York, 144 AD3d 88, 93 [2016]).
Notwithstanding the foregoing, we conclude that the petition was properly dismissed. Mandamus to compel is "an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Shaw v King, 123 AD3d 1317, 1318-1319 [2014] [internal quotation marks and citation omitted]). It is beyond cavil that students are entitled to a sound basic education (see NY Const art XI). The manner in which such goal is achieved, however, involves discretionary decisions by respondents (see Matter of Hassig v New York State Dept. of Health, 5 AD3d 846, 848 [2004]; see generally Matter of Maron v Silver, 14 NY3d 230, 249 [2010]). As such, to the extent that petitioners seek to compel respondents to implement specific recommendations set forth in the reports cited in the petition — an act involving "the exercise of reasoned judgment which could typically produce different acceptable results" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005] [internal quotation marks and citation omitted]) — they are not entitled to such relief. In light of our determination, the parties' remaining contentions are academic.
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The 2016 legislation was amended in 2017 to continue the remedial measures for the 2017-2018 school year (see L 2017, ch 59, §§ 48-49).