Matter of Ritter v Binghamton City Ct. (2019 NY Slip Op 03863)





Matter of Ritter v Binghamton City Ct.


2019 NY Slip Op 03863


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527012

[*1]In the Matter of DOUGLAS RITTER, Appellant,
v
BINGHAMTON CITY COURT et al., Respondents.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Douglas Ritter, Lisle, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for Binghamton City Court, respondent.
Coughlin & Gerhart, LLP, Binghamton (Angelo Catalano of counsel), for Town of Union Court, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Lebous, J.), entered January 3, 2018 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to, among other things, maintain all court records in a publicly accessible written form.
For many years, petitioner used docket books maintained in hard copy by respondents to personally compile lists of adjudicated summary eviction proceedings. However, at some point, respondents discontinued their use of hard copy docket books and began maintaining court records electronically. Beginning in 2015, petitioner made several written requests to respondents for all summary eviction proceedings that had been adjudicated since January 1, 2014. The Office of Court Administration advised petitioner that respondent Binghamton City Court (hereinafter City Court) did not maintain its records in the specific manner that he was requesting and that he could access the electronically-stored court records by providing a case name or index number. Respondent Town of Union Court (hereinafter Town Court) similarly notified petitioner that it did not maintain a running list of summary eviction proceedings. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to compel respondents to, among other things, "maintain all court records in a written form . . . [l]ike the old docket books" and, since the records were maintained electronically, to provide the requested information "on a disk in a form that could be easily used by the public." City Court answered and asserted that petitioner had failed to state a claim. For its part, Town Court submitted an affidavit in opposition requesting that the petition be dismissed and indicating that, although under no obligation to do so, it had hired an outside information technology company to create the list sought by petitioner. Supreme Court ultimately dismissed the petition, prompting this appeal.
We affirm. A writ of mandamus is an extraordinary remedy that lies only to compel the performance of "'an administrative act positively required to be done by a provision of law'" (Matter of County of Chemung v Shah, 28 NY3d 244, 266 [2016], quoting Matter of Walsh v LaGuardia, 269 NY 437, 441 [1936]). Such extraordinary remedy will not be awarded to compel the performance of an act involving the exercise of judgment or discretion or to direct the manner in which a public official carries out his or her legal duty to complete a ministerial act (see Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018]; Klostermann v Cuomo, 61 NY2d 525, 539-540 [1984]).
The record establishes that respondents are satisfying their duties under Judiciary Law §§ 255 and 255-b by maintaining electronic docketing systems that are available for search and examination by members of the public with the assistance of court staff. Respondents are not statutorily required to maintain their dockets in written form, store their electronic records in the particular manner requested by petitioner or create the list that petitioner desires. Accordingly, as respondents cannot be compelled to perform their ministerial duties in the specific manner sought by petitioner, Supreme Court properly dismissed the petition (see Matter of Hassig v New York State Dept. of Health, 5 AD3d 846, 848 [2004]).
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.