■ In the Matter of ANDREA YOUNG, Petitioner, v MICHAEL V. COCCOMA, as Acting Supreme Court Justice, Respondent. [738 NYS2d 128] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, inter alia, compel respondent to reinstate a prior award of child support.

In the context of their pending divorce before Supreme Court, petitioner and her then husband, Jonathan Young, entered into an open court stipulation on February 17, 2000 settling all matters, including the appropriate amount of child support due petitioner for their two children. At this time, the parties agreed that Young would continue to pay $200 per week in child support as previously directed by Supreme Court in an order entered September 17, 1999,[1] that he would continue to maintain health insurance for the children and that he would pay 60% of their uninsured medical, dental, eye care and prescription expenses. When the stipulation was being placed on the record, it was specifically noted that this $200 had been derived by Supreme Court's imputation of "certain income" to Young. The ensuing judgment of divorce (entered March 29, 2000) continued the September 1999 order, incorporated but did not merge the February 2000 stipulation and transferred all potential future custody, child support and visitation disputes to Family Court of Delaware County.

Approximately six months later, Young petitioned for a downward modification of child support.[2] In his decision on this application, the Hearing Examiner noted that the parties' stipulation did not mention the "requirements" of the Child Sup-

---

1. During the open court stipulation, this order was referenced by its decision date (September 16, 1999).

2. This modification petition, which was apparently the second filed by him, is not in the record before us.

port Standards Act or either parties' incomes. The Hearing Examiner then, without elaboration, held that Young's "modification petition should be granted."[3] Based on the parties' alleged weekly earnings at that time—which the Hearing Examiner determined to be $199.42 for petitioner and $223.18 for Young—child support was fixed at $50 per month. Family Court thereafter denied petitioner's objections to the Hearing Examiner's findings, concluding that the parties' stipulation, although "mentioning" the September 1999 order, did not incorporate it by reference and was therefore void under Family Court Act § 413 (1) (h) pertaining to opting out agreements.

Following Family Court's denial of her objections, petitioner not only filed a notice of appeal from that particular order but also made a motion before Supreme Court to reopen the divorce "to clarify" the judgment rendered therein and to reinstate the $200 per week child support obligation. When Supreme Court returned her motion papers, noting its lack of jurisdiction over the matter since same had been transferred to Family Court under the express terms of the judgment of divorce, petitioner commenced the instant CPLR article 78 proceeding in this Court seeking a writ in the nature of mandamus to compel respondent to afford her "a hearing on the issue of the reopening [of] the divorce and reinstating the amount of child support previously ordered," claiming it "failed to perform a duty required by law in determining not to entertain [her] motion."

Fundamentally, "[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16). First, petitioner has failed to demonstrate a clear legal right to the remedy sought inasmuch as Supreme Court did not act improperly when it refused to consider her motion since it had expressly transferred all future child support issues to Family Court in the judgment of divorce. Moreover, she is not seeking to compel respondent to perform a purely ministerial duty (*compare, Matter of Brusco v Braun*, 84 NY2d 674, 679). While petitioner seeks to circumvent this fatal flaw by asserting that she is merely seeking to have respondent accept her motion and then "clarify" the judgment of divorce, her motion papers in fact reveal a substantive and contradictory intention on her part, that is, to compel respondent to reinstate the previous child support award, an act which would constitute a collateral attack on the decision of

---

3. It can be gleaned that the Hearing Examiner determined that the stipulation was void because the parties did not enter into a valid opting out agreement (*see*, Family Ct Act § 413 [1] [h]).

Family Court. Making no findings or inferences at this time concerning the propriety of Family Court's decision, we find that petitioner's claims, and any subsequent correction that might be required, can be adequately addressed via her appeal from that court's order (*see, Matter of Legal Aid Socy. of Sullivan County v Scheinman, supra*). Thus, under these circumstances, a writ of mandamus does not properly lie and the proceeding must be dismissed.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Adjudged that the petition is dismissed, without costs.