■ CARL F. MOESKE et al., Respondents, v RAYMOND NALLEY et al., Appellants. [744 NYS2d 251] —Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 10, 2001 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for personal injuries sustained by plaintiff Carl F. Moeske (hereinafter plaintiff) when he fell or was thrown from the bumper of a pickup truck driven by defendant Raymond Nalley (hereinafter defendant). After joinder of issue and discovery, defendants moved for summary judgment. Supreme Court denied the motion and defendants appeal.

The accident occurred on defendant's farm, where he and plaintiff were setting up a portable sawmill which they had towed to the farm behind defendant's truck. According to plaintiff, they had disconnected the sawmill from the truck and had begun to level it when he heard someone yell "fire." He looked up and saw defendant's father, who was working on a tractor near a hay barn several hundred yards away, surrounded by smoke. Upon seeing defendant getting into the truck, plaintiff headed for the truck and climbed onto the back bumper of the truck immediately before it began to move. The truck accelerated along the farm road and plaintiff recalled seeing them approach defendant's father. The next thing he

remembered was sitting on the roadway, injured and with people around him.

Defendant testified at his deposition that upon seeing the smoke, he ran to the truck and "took off as fast as the truck would go to get down to the scene." As a result of his speed, he was unable to negotiate a curve in the farm road and, therefore, went through a drainage ditch, which caused the truck to bounce into the air. According to defendant, he was completely unaware of plaintiff's presence on the back of the truck and did not discover that plaintiff was even injured until after he had stopped the truck, exited it and observed plaintiff lying in the road.

Initially, we note that the record demonstrates plaintiff's inability to establish the cause of his fall from the truck. Thus, whether he slipped and fell from the truck through no fault of defendant or was thrown from the truck as a result of defendant's negligent driving is a matter of speculation which is insufficient to permit a finding of proximate cause (*see, e.g., Munno v State of New York*, 266 AD2d 694). In any event, in these circumstances, we conclude that defendant owed plaintiff no duty with regard to the manner in which he drove the truck.

The scope of defendant's duty is, in the first instance, an issue of law for the court, dependent upon "whether the relationship of the parties is such as to give rise to a duty of care * * * whether the plaintiff was within the zone of foreseeable harm * * * and whether the accident was within the reasonably foreseeable risks" (*Di Ponzio v Riordan*, 89 NY2d 578, 583 [citations omitted]). In this case, plaintiff's accident was not within the reasonably foreseeable risks. "Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated * * *" (*id.* at 583 [citation omitted]). " 'If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability' " (*Danielenko v Kinney Rent A Car*, 57 NY2d 198, 204, quoting Prosser, Torts § 43, at 250 [4th ed]). In the circumstances of this case, defendant could not have reasonably foreseen that plaintiff would leave a place of safety and jump onto the rear bumper of the truck as it sped away. Accordingly, the injury-producing occurrence—plaintiff's fall from the bumper—could not have been anticipated and was not a reasonably foreseeable risk of the manner in which defendant drove the truck.

Plaintiffs nevertheless contend that liability may be imposed

because there is evidence that defendant had notice of plaintiff's presence on the truck. Defendant, however, testified that he was unaware of plaintiff's presence until after he had stopped the truck, and plaintiff himself conceded that he made no effort to alert defendant of his presence. Plaintiff also conceded that he had no information or knowledge which would indicate that defendant knew of his presence on the bumper. Lastly, we reject plaintiffs' claim that plaintiff's ambiguous reference to "bouncing onto" the truck was sufficient to raise a question of fact regarding defendant's notice of plaintiff's presence on the bumper. Accordingly, we conclude that Supreme Court erred in denying defendants' motion.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.