■ JOHN HOPKINSON, III, et al., Respondents, v REDWING CONSTRUCTION COMPANY, Appellant. [754 NYS2d 86] —Lahtinen, J. Appeal from an order of the Supreme Court (Dawson, J.), entered October 16, 2001 in Essex County, which denied defendant's motion to dismiss the complaint.

On May 7, 1997, the parties entered into a written contract for the construction of a single family residence on property owned by plaintiffs. The contract provided for a completion date "on or about" October 30, 1997. On November 21, 1997, a certificate of occupancy was issued and thereafter plaintiffs occupied the residence although certain work on the structure was incomplete. Plaintiffs created punch lists referencing the unfinished work and defendant continued to complete the punch list items until October 1998 when plaintiffs terminated the contract.

In January 1999, plaintiffs experienced problems with their roof and, in May 2000, during the process of repair, discovered that defendant did not install an ice and water barrier required by the contract causing water damage to the roof. When plaintiffs' demand for payment of the cost of completing the punch list items and repairing the roof went unanswered, this action alleging breach of contract, violation of the implied warranty set out in General Business Law § 777-a, fraud, negligence and breach of the expressed warranty contained in the contract was commenced on April 3, 2001. Defendant filed a preanswer motion to dismiss pursuant to CPLR 3211 (a) (1), which was denied by Supreme Court. This appeal followed and we affirm.

Our scope of review applicable to defendant's CPLR 3211 motion to dismiss is constrained to a determination whether the facts alleged by plaintiffs fit within any cognizable legal theory (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Leon v Martinez, 84 NY2d 83, 87-88). In making that determination, the allegations of fact set forth in plaintiffs' complaint and their submissions in opposition to defendant's motion are accepted as true, liberally construed and given every favorable inference. Dismissal under CPLR 3211 (a) (1) "is warranted only if the documentary evidence

submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez, supra* at 88).

Based on the foregoing principles, we reject defendant's contentions that plaintiffs' claims are barred by articles 16[1] and 23[2] of the contract. Plaintiffs assert that the parties modified the contract or, in the alternative, created a new oral contract. Plaintiffs also assert that article 17 of the contract provided them with a right of recovery if the contract was terminated as it was here, and that one article of the contract cannot bar the remedy that is provided for in another article. We agree with Supreme Court that the parties' contract did not resolve all factual issues and definitely dispose of plaintiffs' claims. Factual issues exist regarding whether the parties orally entered into a new or modified contract[3] and how articles 16, 17 and 23 should be construed.

Likewise, on this record and at this stage of the proceedings, we find that defendant has failed to meet its heavy burden of conclusively establishing a viable defense to plaintiffs' cause of action based on breach of the housing merchant implied warranty (*see* General Business Law §§ 777-a [1] [c]; [4] [a], [b]), plaintiffs' cause of action based on breach of express warranty contained in article 16 of the contract (*see* General Business Law § 777-b) or plaintiffs' cause of action for fraud (*see* CPLR 213 [8]; *Lanzi v Brooks*, 43 NY2d 778, 780).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. Article 16 limits the commencement of any action against defendant to the contract's one year warranty period that defendant claims expired on November 21, 1998.

2. Article 23 provides for a waiver of all claims against defendant if plaintiffs occupied the home without defendant's written consent or the creation of a mutually signed punch list.

3. The subject contract did not proscribe oral modifications.