■ NEW YORK CIVIL LIBERTIES UNION et al., Appellants, v STATE OF NEW YORK et al., Respondents. [771 NYS2d 563]—

Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 10, 2002 in Albany County, which, inter alia, granted defendants' motion to dismiss the amended complaint.

Plaintiffs commenced this action seeking a declaratory judgment and injunctive relief on the ground that defendants' failure to provide sufficient resources and facilities to afford children in 27 upstate schools the opportunity for a sound basic education violates NY Constitution, article XI, § 1 (hereinafter Education Article) and regulations of the Department of Education (hereinafter Department). Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Supreme Court found that the amended complaint failed to state a claim under the Education Article or for mandamus to compel defendants to comply with Department regulations, and granted defendants' motion. Plaintiffs appeal, and we affirm.

It is well settled that in considering whether a complaint states a cause of action, the court must accept its factual allegations as true, accord the plaintiffs the benefit of every possible inference and determine whether the allegations fit within a

cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Hopkinson v Redwing Constr. Co.*, 301 AD2d 837, 837 [2003]; *Wilt v Brunswick Plaza*, 281 AD2d 840, 841 [2001]). In reviewing the amended complaint here, we begin by identifying the elements of the cause of action purporting to allege a violation of the guarantees of the Education Article and then examine the amended complaint to see if it states or reasonably implies those elements.

The Education Article requires defendant State of New York to "provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated" (NY Const, art XI, § 1). Equal facilities and services in every district are not required, and the mandate of the Education Article is satisfied if the State provides adequate support to the school system in order that a "sound basic education" might be available to all children (*Board of Educ., Levittown Union Free School Dist. v Nyquist*, 57 NY2d 27, 47-48 [1982]). The Court of Appeals has found that for children to have the opportunity for a sound basic education, the State must assure that certain "minimally adequate" instructional and physical resources and facilities are provided (*Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 317 [1995] [hereinafter *CFE I*]). Applying this standard, the Court held that, in the case of the New York City public school system—comprised of 42 school districts—the plaintiffs stated a cause of action under the Education Article by specifying "gross educational inadequacies" demonstrating that the City's districts failed to provide a "minimally adequate educational opportunity" (*id.* at 319).

In later affirming a verdict in favor of the plaintiffs in *CFE I*, the Court of Appeals confirmed that the proof at trial had established a systemic failure of the New York City schools (*Campaign for Fiscal Equity v State of New York*, 100 NY2d 893, 914 [2003] [hereinafter *CFE II*]). The Court further defined a sound basic education as "a meaningful high school education" that "prepare[s] students to compete for jobs that enable them to support themselves" and "to function productively as citizens" (*id.* at 906, 907). In a case decided on the same day as *CFE II*, the Court summarized the elements of the cause of action alleged in *CFE I* and proven in *CFE II* as follows: "Thus, the elements of the *CFE* plaintiffs' viable Education Article claim consisted of evidence, first, that the State fails to provide them a sound basic education in that it provides deficient inputs—teaching, facilities and instrumentalities of learning—which lead to deficient outputs such as test results and graduation rates; and, second, that this failure is causally connected to

the funding system" (*Paynter v State of New York*, 100 NY2d 434, 440 [2003]).

Viewed against this backdrop, the amended complaint was properly dismissed, for it does not allege a district-wide or systemic failure. Instead, it states that plaintiffs include parents whose children are students served by 27 specific schools in 12 school districts spread across the State outside New York City. While appallingly deficient educational inputs and outputs at each individual school are described in detail, the mandate of the Education Article requires the maintenance and support of "a system of free common schools," and plaintiffs do not allege a systemic failure within any of their districts.

The relief sought by plaintiffs also reflects that the educational deficiencies alleged are particular to the individual schools and not symptomatic of a systemic failure. Rather than requesting a judgment directing the State to provide additional financial aid to their school districts, plaintiffs seek a mandate requiring defendants to conduct a detailed assessment of each "failing" school and work with local school officials to "devise specific school-based remedial plans for correcting the identified failures," the implementation of which would be monitored by a special master. This request for school-specific plans tellingly ignores the central role of school districts in administering and allocating state financial aid. It is instructive to note that, in *CFE II*, the remedy held to be appropriate was to require the State to ascertain the actual cost of providing a sound basic education in the New York City school system and then reform its funding to "ensure that every school district [in the City] has the resources necessary to provide a sound basic education" (*Campaign for Fiscal Equity v State of New York*, 100 NY2d 893, 925 [2003], *supra*). Plaintiffs' request here entirely bypasses the districts and further demonstrates that the theory articulated does not arise out of the Education Article. For these reasons, we find that the amended complaint fails to set forth a cause of action under the Education Article.

Next, we find no error in Supreme Court's determination that plaintiffs also essentially seek relief in the nature of mandamus to compel registration review of their schools pursuant to 8 NYCRR 100.2 (p), but fail to state a claim for such relief because the administrative action they seek is discretionary rather than ministerial. Regardless of how their regulatory cause of action is labeled, "the substance of plaintiffs' claim[ ] nonetheless remains one to compel" (*Mahoney v Pataki*, 98 NY2d 45, 53 [2002]; *see* CPLR 7803 [1]). Mandamus to compel is appropriate only where a clear legal right to the relief sought has been

shown, the action sought to be compelled is one commanded to be performed by law and no administrative discretion is involved (*see* CPLR 7803 [1]; *Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]; *Matter of Young v Coccoma*, 291 AD2d 767, 768 [2002]; *Matter of Kupersmith v Public Health Council of State of N.Y.*, 101 AD2d 918, 919 [1984], *affd* 63 NY2d 904 [1984]). In other words, "[t]he act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental, and [must] be premised upon specific statutory authority mandating performance in a specific manner" (*Matter of Brown v New York State Dept. of Social Servs.*, 106 AD2d 740, 741 [1984]; *see Matter of Van Aken v Town of Roxbury*, 211 AD2d 863, 864 [1995], *lv denied* 85 NY2d 812 [1995]).

Here, plaintiffs challenge no specific determination of defendant Commissioner of Education or the Department, but rather a failure to place their schools under "registration review." Placing a school under registration review indicates that it is "at risk of having its registration [to operate] revoked" (8 NYCRR 100.2 [p] [1-9]). Schools are placed under such review when the Commissioner determines that they are farthest from meeting certain accountability criteria and most in need of improvement (*see* 8 NYCRR 100.2 [p] [3]). Although the regulations provide guidance for the Commissioner in making this determination (*see* 8 NYCRR 100.2 [p] [4]), the choice of which and how many schools are to be identified for registration review is left to the expertise, judgment and discretion of the Commissioner. In light of the Commissioner's discretion in designating schools for registration review, "the courts may not substitute judicial oversight for the discretionary management of the public's business by public officers" (*Jiggetts v Grinker*, 75 NY2d 411, 415-416 [1990]; *see Grant v Cuomo*, 73 NY2d 820, 823-824 [1988]). Thus, we find no error in the dismissal of plaintiffs' regulatory cause of action.

In light of our determination, it is not necessary to address the alternate ground for dismissal of the amended complaint as to certain defendants, the standing of plaintiff New York Civil Liberties Union or the issue of whether certain school districts should be joined as necessary parties.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.