■ Robert Cooper et al., Respondents-Appellants, v Sharon Springs Central School District, Appellant-Respondent. [777 NYS2d 564]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Lamont, J.), entered September 18, 2003 in Schoharie County, which, inter alia, partially granted defendant's motion for summary judgment dismissing the complaint.

A limestone cavern near Route 20 in the Village of Sharon Springs, Schoharie County, acts as a natural storm drain into which runs a watercourse created by natural drainage channels and artificial ditches from a watershed in excess of one square mile. The drainage area includes a pond and, before reaching the cavern, the watercourse passes through defendant's and then plaintiffs' properties. The cavern allegedly became partially filled with sediment and various debris which contributed to severe flooding of plaintiffs' properties in April 2001 during heavy rain and spring melting. Plaintiffs subsequently commenced this action against defendant and the Village.* Theories plaintiffs pursued included that a major construction project on defendant's premises significantly increased the volume of water flowing into the cavern, and that sediment and debris from the project was negligently permitted to flow into and contribute to the clogging of the cavern.

Following disclosure, defendant moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion, holding that plaintiffs failed to establish triable issues as to whether the alleged increased flow of water was a factor in the flood. The court further found, however, that there were factual questions regarding plaintiffs' contention that defendant negligently contributed to the clogging of the cavern with sediment and debris from its construction project. Defendant and plaintiffs each appeal from so much of the order as was adverse to their respective positions.

We address first defendant's argument that the aspect of plaintiffs' action premised upon defendant purportedly contributing to the clogging of the cavern should have been dismissed. An upper owner on a waterway may incur liability for negligently permitting such a quantity of debris to enter a watercourse from that owner's property that it causes damage to a

---

* The action against the Village has reportedly been settled and a separate claim against the state is still pending in the Court of Claims.

lower owner (*see Amsterdam Brush Corp. v City of Amsterdam*, 105 AD2d 881, 882-883 [1984]; *cf. Sgarlata v City of Schenectady*, 250 App Div 789 [1937], *affd* 274 NY 633 [1937]). Evidence in the record includes a sworn statement from one plaintiff who observed considerable construction debris floating down the waterway prior to the flooding. Indeed, such individual registered his complaints at two separate meetings of defendant's board. A local elected official testified that he saw construction debris, including two-by-fours from defendant's project, in the cavern. There was evidence that silt fences were not in place at the construction site and a complaint was registered with defendant regarding such fact. Plaintiffs further submitted an affidavit from an expert opining that defendant failed to implement effective erosion mitigation measures during the construction project before April 2001 and that "much of" the eight cubic yards of debris and sediment that were eventually removed from the cavern after the flooding had come from the construction project. Viewing the evidence in the light most favorable to plaintiffs and affording them the benefit of reasonable inferences from the proof (*see Goff v Clarke*, 302 AD2d 725, 727 [2003]), we agree with Supreme Court that this proof presents triable issues.

Next, we consider plaintiffs' contention that Supreme Court erred in dismissing that part of their action which was based upon an alleged increase of water from defendant's property into the watercourse. While a riparian owner may not introduce a quantity of water that causes flooding of lower locations, an increase that does not result in the waterway exceeding its natural capacity is generally not a ground for liability (*see Stanklus v County of Montgomery*, 86 AD2d 908, 909 [1982], *appeal dismissed* 60 NY2d 701 [1983], *lv denied* 60 NY2d 555 [1983]). Plaintiffs alleged in their pleadings that, before the subject severe flood, minor flooding had been occurring in the relevant area since at least 1996, indicating that the watercourse was at or exceeding capacity prior to April 2001. There is also evidence that the capacity of the cavern was diminishing during such time (allegedly due, at least in part, because of defendant's conduct) while water from defendant's premises was increasing (allegedly because of negligence at the construction site). In light of the procedural context in which the issue is before us, we conclude that plaintiffs should not be foreclosed as a matter of law from attempting to show that the alleged increase in water volume by defendant was a contributing factor to the April 2001 flood (*see Balnys v Town of New Baltimore*, 160 AD2d 1136, 1136-1137 [1990]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion for summary judgment; motion denied in its entirety; and, as so modified, affirmed.