■ EMPLOYEE NETWORK, INC., Appellant, v FAIRCALL CORPORATION et al., Respondents. [787 NYS2d 149]—

Kane, J. Appeal from an order of the Supreme Court (Lebous, J.), entered October 21, 2003 in Broome County, which granted defendants' motion to dismiss the complaint.

Plaintiff operates an employee assistance program, providing counseling and related services to approximately 120,000 employees of its estimated 200 business customers. For about 15 years, plaintiff has been utilizing a toll-free telephone number, 1-800-327-2255, and the corresponding mnemonic 1-800-EAP-CALL, for its customers' employees to contact plaintiff's counselors. In August 2001, plaintiff began receiving a large volume of misdialed calls allegedly from customers of defendant Faircall Corporation (hereinafter defendant). Defendant operates a discount long-distance telephone service accessed by dialing 1-800-FAIRCALL (1-800-324-7225). Defendant has operated and marketed this phone number for over 10 years. Plaintiff alleges that the deluge of misdialed numbers was generated by defendant's customers dialing 1-800-FAR-CALL, a mnemonic which translates into plaintiff's phone number, and that this deluge coincided with defendant's advertising campaign targeting a youthful audience.

Plaintiff commenced this action claiming that defendant's negligent advertising caused this flood of misdialed calls, resulting in damage to plaintiff's relationship with its answering service and customers, as well as monetary damages for increased phone service charges. Plaintiff sought to recover damages and to permanently enjoin defendant from advertising its 1-800-FAIRCALL mnemonic. Defendants answered and then moved to dismiss on the ground that plaintiff's complaint failed to state a cause of action. Supreme Court granted that motion. Because we find that defendants owed plaintiff no duty, we affirm.

This Court's scope of review on this CPLR 3211 motion is limited to a determination of whether plaintiff's alleged facts, when accepted as true and liberally construed, fit within any cognizable legal theory of recovery (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *New York Civ. Liberties Union v State of New York,* 3 AD3d 811, 811-812 [2004]; *Hopkinson v Redwing Constr. Co.,* 301 AD2d 837, 837-838 [2003]). Any cause of action based on negligence contains an element that the alleged tortfeasor owed a duty of reasonable care to the injured party. The existence and scope of an alleged tortfeasor's duty are questions of law to be determined by the court (*see Di Ponzio v Riordan,* 89 NY2d 578, 583 [1997]; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584-585 [1994]). In analyzing this issue, courts look at the particular facts and circumstances of the case, including the relationship between the parties, whether the plaintiff fell within a zone of foreseeable harm, and whether the reasonably foreseeable risks included the injury-producing incident (*see Di Ponzio v Riordan, supra* at 583).

The parties here have no relationship to each other, except for their slightly similar phone numbers. Defendants participated in a permissible commercial activity of advertising their services, with no fraud or mistakes on their part which would result in harm to plaintiff. They did not, for example, make a typographical error and mistakenly list plaintiff's phone number in their advertisements, which could clearly lead to their customers erroneously reaching plaintiff. Defendants had no duty to protect plaintiff from the actions of third parties, namely massive numbers of consumers allegedly misdialing and overwhelmingly reaching plaintiff's number with the brunt of those misdialed calls. While plaintiff provided notice to defendants of the large number of misdialed calls, that notice did not create a duty requiring defendants to alter their advertising campaign to alleviate this problem that plaintiff is experiencing at the hands of third parties. Although it is unfortunate that plaintiff's business has suffered, Supreme

Court properly dismissed this action because defendants did not owe plaintiff any duty.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.