■ ROBERT COOPER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 105163.) [786 NYS2d 628]—

Lahtinen, J. Appeal from that part of an order of the Court of Claims (Lebous, J.), entered January 29, 2004, which denied claimants' motion for partial summary judgment on the issue of liability.

This appeal turns on whether claimants met their burden of establishing that defendant had a special relationship with them to clean and maintain a limestone cavern near State Route 20 in the Village of Sharon Springs, Schoharie County. As we set forth in an appeal from a related action in Supreme Court, the cavern acts as a natural storm drain (*Cooper v Sharon Springs Cent. School*, 8 AD3d 734, 735 [2004]). A culvert and ditch installed by defendant along Route 20 in the 1930s was one of the sources from which water drained into the cavern. Defendant allegedly regularly inspected and removed debris from the cavern from the 1930s until 1991. Thereafter, it stopped regularly cleaning the cavern, it continued maintaining the area around the cavern and, in 1998, it ostensibly assisted as spelunkers removed some debris from the cavern. In April 2001, severe flooding occurred in Sharon Springs that was allegedly attributable, in part, to a build-up of sediment and debris that had diminished the capacity of the cavern.

Claimants, individuals who sustained property damage in the flooding, pursued theories of liability against defendant premised upon Highway Law § 46, breach of duty arising from a special relationship, and alteration of surface water flow. Following summary judgment motions by claimants and defendant, the Court of Claims dismissed the theories resting on Highway Law § 46 and a special relationship, but found factual issues for trial regarding alteration of surface water flow. Claimants ap-

peal from that part of the order that found no special relationship.

The Court of Appeals has recently noted that "[w]hile the existence of a special relationship depends on the facts, a plaintiff has a heavy burden in establishing such a relationship" and, accordingly, that Court has "dismissed most such claims as a matter of law" (*Pelaez v Seide*, 2 NY3d 186, 199 n 8 [2004]). A special relationship may arise "where the municipality has violated a duty commanded by a statute enacted for the special benefit of particular persons; where the municipality has voluntarily assumed a duty, the proper exercise of which was justifiably relied upon by persons benefited thereby; or where it assumes positive direction and control under circumstances in which a known, blatant and dangerous safety violation exists" (*Garrett v Holiday Inns*, 58 NY2d 253, 261-262 [1983] [citations omitted]). Of these three narrow paths to a special relationship, claimants attempt to travel the second, which is comprised of the following elements: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Defendant produced proof reflecting that its purpose in providing cleaning in earlier years at the cavern, which it does not own, was to keep Route 20 open for all the traveling public and not as an effort to avoid damage to specific nearby property owners (*cf. Miller v State of New York*, 277 AD2d 770, 770-771 [2000]). There is no evidence of direct communications or representations made by authorized representatives of defendant to claimants assuming a role of cleaning the cavern indefinitely. Moreover, even assuming a basis existed prior to 1991 for justifiable reliance that defendant would clean the cavern, such reliance was no longer justified by the time of the subject flooding in 2001. During that 10-year period defendant undertook minimal cleaning activity with respect to the cavern, several smaller floods occurred—providing constructive notice that defendant's cleaning activities had ceased—and defendant gave actual notice to at least one of the claimants of its position that responsibility for maintaining the cavern rested with the

local municipality, not defendant* (*cf. Melanson v State of New York*, 215 AD2d 43, 45-46 [1995], *lv denied* 87 NY2d 810 [1996]). We agree with the Court of Claims' determination that claimants failed to raise factual issues as to the existence of a special relationship.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

* A June 2000 letter from an assistant counsel at the Department of Transportation to claimant George Higgins states, in part, that "legal responsibility for maintenance of this natural drainage feature lies with the Village of Sharon Springs" and further that "the Department has no responsibility to maintain the system."