■ JASON J. KEMPER, Appellant, v MATTHEW C. ARNOW, Respondent. [795 NYS2d 138]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered May 11, 2004 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover damages for injuries which he alleges were sustained as a result of defendant's negligent operation of a snowmobile. Supreme Court granted defendant's motion for summary judgment, finding that plaintiff's injuries were not a foreseeable consequence of defendant's alleged actions. On plaintiff's appeal, we affirm.

According to plaintiff, sometime in the early hours of the morning of January 7, 2001, he and defendant were both patronizing the Sports Island Pub on Great Sacandaga Lake in the Town of Northampton, Fulton County, each having arrived by snowmobile. Defendant left the bar with two friends. As plaintiff prepared to leave just a short time later, he discovered that his girlfriend's snowmobile helmet was missing and learned from others at the bar that someone in defendant's group had taken the helmet when they left the bar. Plaintiff then got on his snowmobile and, along with two other friends, pursued defendant's group. He caught up with them while they were stopped, seated on their snowmobiles with their motors running, out on the lake. Plaintiff spotted the helmet that defendant was wearing as belonging to his girlfriend and yelled to defendant, but defendant began to move his snowmobile forward. Plaintiff then jumped off his snowmobile and ran toward defendant. When the track of defendant's snowmobile started spinning on the ice (rather than moving the machine forward), plaintiff was able to catch up and grab defendant by the back of his jacket. At that point, the track of defendant's snowmobile began to grip the ice, the machine accelerated forward, plaintiff slipped on the ice, his right foot became entangled in the snowmobile's track and he was dragged approximately 20 feet, sustaining injuries.

The question of whether defendant owed plaintiff a duty of care is an issue of law to be determined by the court (see Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]). "In analyzing this issue, courts look at the particular facts and circumstances of the case, including the relationship between the parties, whether

the plaintiff fell within a zone of foreseeable harm, and whether the reasonably foreseeable risks included the injury-producing incident" (*Employee Network, Inc. v Faircall Corp.*, 13 AD3d 773, 774 [2004]; *see Di Ponzio v Riordan, supra* at 583). "Foreseeablity of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (*Di Ponzio v Riordan, supra* [citations omitted]). "Further, although virtually every untoward consequence can theoretically be foreseen 'with the wisdom born of the event', the law draws a line between remote possibilities and those that are reasonably foreseeable . . ." (*id.*, quoting *Greene v Sibley, Lindsay & Curr Co.*, 257 NY 190, 192 [1931]). According to plaintiff's version of the incident, defendant was attempting to accelerate the snowmobile before plaintiff grabbed him. In our view, defendant could not have reasonably foreseen that plaintiff would grab him from behind, that plaintiff would slip or that his foot would become entangled in the machine's track. Hence, plaintiff failed to establish that defendant owed him a legally cognizable duty because the injury-producing occurrence—plaintiff's fall on the ice in back of the accelerating snowmobile and entanglement in the track—was not a reasonably foreseeable risk of the manner in which defendant operated the snowmobile (*see Moeske v Nalley*, 295 AD2d 857, 858 [2002]; *see also Danielenko v Kinney Rent A Car*, 57 NY2d 198, 204 [1982]).

Plaintiff also asserts that defendant violated statutes prohibiting the negligent operation of a snowmobile and the operation of a snowmobile while intoxicated and, thus, was negligent per se (*see Duncan v Kelly*, 249 AD2d 802, 803 [1998]; PRHPL 25.03). Even assuming that plaintiff could prove that defendant's conduct "unquestionably constitutes negligence per se, in order for liability to attach 'it must also be proved that the negligence was the cause of the event which produced the harm' " (*Wallace v Terrell*, 295 AD2d 840, 841 [2002], quoting *Sheehan v City of New York*, 40 NY2d 496, 501 [1976]). "Although ordinarily a question of fact, proximate cause can be determined, as a matter of law, where 'the evidence conclusively establishes that there was an intervening act which was so extraordinary or far removed from the defendant's conduct as to be unforeseeable' " (*Haughton v T & J Elec. Corp.*, 309 AD2d 1007, 1008 [2003], *lv denied* 1 NY3d 508 [2004], quoting *Meseck v General Elec. Co.*, 195 AD2d 798, 800 [1993]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Given our conclusion that plaintiff's action in grabbing defendant while he sat on his accelerating snowmobile was not reasonably foreseeable,

we hold, upon these facts and as a matter of law, that plaintiff's conduct constituted an extraordinary intervening act, severing any causal connection to defendant's alleged negligence and absolving defendant of the claimed liability (*see Haughton v T & J Elec. Corp., supra* at 1008-1009; *Wallace v Terrell, supra* at 841).

Cardona P.J., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.