■ WILLIAM PHILLIPS, Respondent, v KAPL, INC., Appellant. [799 NYS2d 297]—

Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 6, 2004 in Saratoga County, which, inter alia, partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff seeks to recover damages for personal injuries he sustained during the course of his employment with the National Service Cleaning Corporation (hereinafter NSC) when he fell on property operated by defendant. The accident occurred in an outdoor storage area used exclusively by NSC. Ropes surrounded the area and numerous laminated signs were posted on its perimeter. At the time of the accident, there was an accumulation of snow on the ground and it is undisputed that, while defendant was responsible for the plowing of the roads, NSC was responsible for snow removal inside its designated storage area. Plaintiff contends that his injuries occurred when, upon entering the NSC area with a coworker, he slipped on a laminated sign. Plaintiff alleges that defendant knocked the sign down when it was plowing snow on the roads outside of that area. With allegations of nuisance and negligence, defendant moved for summary judgment upon the completion of discovery. Supreme Court dismissed the nuisance cause of action and this appeal by defendant followed.

Recognizing that a finding of negligence must be based upon

a breach of a duty (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]; *Employee Network, Inc. v Faircall Corp.*, 13 AD3d 773, 774 [2004]), and that a duty to maintain property in a reasonably safe condition may be imposed upon a person or entity in ownership, possession or control of that property (*see Noble v Pound*, 5 AD3d 936, 938-939 [2004]; *Arsenault v Regan Trust*, 263 AD2d 754, 754 [1999]), defendant properly established that plaintiff's employer was responsible for the maintenance of the area where plaintiff fell. Plaintiff, now left to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), conceded that he never personally observed defendant's employees knock the sign to the ground. To the extent that plaintiff claimed that his supervisor, Daniel Murphy, told him that defendant did so, such claim was belied by Murphy's denial of such knowledge and his testimony that he was not at work on the day of the accident. While plaintiff's coworkers testified that they witnessed defendant knock the sign down on prior occasions, they did not observe defendant knock the sign down on this occasion. Since "evidence of [a defendant's] general habits regarding snow removal are insufficient to raise an issue of fact as to whether the defendant may have engaged in snow removal that led to the accident" (*Nadel v Cucinella,* 299 AD2d 250, 252 [2002]; *see Oles v City of Albany*, 267 AD2d 571, 572 [1999]; *Connerton v City of Binghamton*, 236 AD2d 685, 686 [1997]), and testimony indicated that NSC employees would typically take down the ropes and then fail to put them back up, there is no proof, beyond pure speculation, that defendant was negligent (*see Rundquist v Colletti*, 237 AD2d 687, 689 [1997]). For these reasons, the negligence claim should have been dismissed as well (*see Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant's motion for summary judgment; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.