■ ANTHONY A. BATTAGLIA, Individually and as President of Battaglia Fruit and Produce Company, Inc., et al., Appellants, v TOWN OF BETHLEHEM, Respondent. [848 NYS2d 722]—

Kane, J. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered February 23, 2006 in Albany County, which partially granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 27, 2006 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Anthony A. Battaglia (hereinafter plaintiff) is the owner of plaintiff companies. In October 1999, he purchased property located on Delaware Avenue in the Town of Bethlehem, Albany County. Behind the building was a steep ravine leading down to Normanskill Creek. Plaintiff painted the building, installed a sign, and prepared the property to open a retail produce store in early May 2000. Two weeks prior to the store opening, Kevin Shea, defendant's deputy building superintendent, allegedly informed plaintiff that plaintiff needed to construct a fence along the rear of his property and prohibit a certain individual from dumping wood chips behind the property. Plaintiff built the fence and barred the individual from dumping. After the store was open for a few weeks, a landslide caused plaintiffs' building to slide down the ravine into the creek.

Plaintiffs commenced this action alleging that defendant breached a special duty owed to plaintiffs, negligently maintained Delaware Avenue and Normanskill Creek, permitted a nuisance by not curtailing the dumping on plaintiff's property and breached a contract with plaintiffs. Defendant moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion by dismissing the breach of contract and special duty claims, and denied the remainder of the motion with leave to renew. Defendant thereafter successfully moved for summary judgment seeking dismissal of the remaining claims. Plaintiffs appeal.

Defendant did not create or enjoy a special relationship with plaintiffs, requiring dismissal of plaintiffs' claim for breach of a special duty. Governmental entities will only be held liable for negligent performance of discretionary duties if a special relationship is established between the plaintiff and the governmental entity so as to create a special duty (see *Pelaez v Seide*, 2

NY3d 186, 198-199 [2004]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d at 199-200 [citation omitted]; *see Cooper v State of New York*, 13 AD3d 867, 868 [2004]).

Addressing the first manner of creating a special duty, even assuming that defendant had a statutory duty to enforce its dumping ordinances, those ordinances were enacted for aesthetic reasons and to protect the health of the general public, not for any particular class of persons (*see Pelaez v Seide*, 2 NY3d at 200; *see also Lauer v City of New York*, 95 NY2d 95, 100-101 [2000]). There is no allegation that defendant violated any other statutory duty.

Addressing the second manner of creating a special duty, although defendant's employee, Shea, had direct contact with plaintiff regarding building a fence and prohibiting dumping, this contact did not constitute a promise or action by defendant leading to an affirmative duty to act on plaintiffs' behalf nor would it be reasonable for plaintiffs to rely on Shea's comments as proof that the property was stable and suitable for running a business (*see Pelaez v Seide*, 2 NY3d at 202). In fact, plaintiff acknowledged that Shea never stated the reason a fence must be built, and Shea's instructions put the burden on plaintiffs to prevent dumping on the property. Contradicting any claims of justifiable reliance on defendant's alleged promises or actions, before ever talking to Shea plaintiff (1) purchased the property without an environmental survey or inspection of the property itself, (2) cleaned and painted the store, and (3) otherwise prepared to open the store (*compare Kircher v City of Jamestown*, 74 NY2d 251, 258 [1989]). There is no indication that plaintiffs changed position based upon Shea's comments. Plaintiff acknowledged that he would not have let anyone dump wood chips on his property regardless of Shea's comments. Thus, defendant did not assume a special duty to plaintiffs because Shea did not promise to take any action nor did he make any representations upon which plaintiff could justifiably rely.

As for the third manner of creating a special duty, defendant did not take positive direction and control over a known safety violation. The record fails to show that defendant was aware of any blatant safety violation (*compare Smullen v City of New*

*York*, 28 NY2d 66, 71-72 [1971]). Knowledge that an individual was dumping wood chips for years does not translate into knowledge that the ravine was prone to landslides, especially considering that prior businesses had operated on the property for 30 to 35 years without such problems. Under the circumstances here, defendant did not assume any special duty toward plaintiffs, requiring dismissal of that cause of action.

Supreme Court properly dismissed plaintiffs' causes of action based on nuisance and negligent maintenance of the property because defendant did not owe plaintiffs a duty of care. "[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992] [citation omitted]; *see Noble v Pound*, 5 AD3d 936, 938 [2004]). A licensed engineer and surveyor averred, based upon his prior employment with the Department of Transportation and his review of attached documents, that the state owned and controlled Delaware Avenue, also known as State Route 443, since at least 1927 and had a permanent easement for drainage pipes near plaintiffs' property. A title examiner affirmed that defendant did not own the land containing the ravine behind plaintiffs' property. Defendant's highway superintendent, as well as the engineer and surveyor, affirmed that defendant did not own, maintain or control any water or drainage systems under plaintiffs' property, Delaware Avenue, or the ravine behind plaintiffs' property. Without any contradictory proof, this established defendant's lack of ownership of any land or water system at issue here. Absent ownership, occupancy or control of the property, defendant did not owe plaintiffs any duty, and plaintiffs therefore could not hold defendant liable for any alleged negligence in maintaining the property or creating a nuisance thereon (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]; *Phillips v KAPL, Inc.*, 20 AD3d 741, 741-742 [2005]).

By failing to contest dismissal of the breach of contract claim in their brief, plaintiffs abandoned any argument concerning that cause of action (*see Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]; *Fellion v Darling*, 14 AD3d 904, 906 n [2005]). In any event, instructions from a municipality's building superintendent to build a fence do not create a contract between the municipality and the property owner.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.