■ SANDRA THOMPSON, Respondent, v RAYMOND J. SELIGMAN et al., Appellants. [863 NYS2d 285]—

Stein, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 20, 2007 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was employed by AMFAC Recreational Services, Inc., which had contracted to regularly provide the Gideon Putnam Hotel with cleaning persons. Plaintiff was injured while she was cleaning rooms at the Gideon. She retained defendant Raymond J. Seligman and his law firm to represent her in a claim for workers' compensation benefits. Plaintiff also inquired about suing the Gideon for recovery for pain and suffering. Seligman informed her that she could not pursue such a claim, based upon his mistaken belief that she was employed by the Gideon. By the time that plaintiff consulted with a different attorney who advised her that she could have brought a third-party claim for pain and suffering, the statute of limitations had expired.

Plaintiff commenced this legal malpractice action against defendants on the ground that they failed to timely advise her that she may have a valid third-party claim. Defendants moved for summary judgment dismissing the complaint, alleging that they had no duty to investigate plaintiff's representations that she was employed by the Gideon and that they acted reasonably under the circumstances. Supreme Court denied the motion, finding that plaintiff had raised questions of fact with respect to defendants' duty to investigate her claim and whether they were negligent in performing that duty. Defendants now appeal and we affirm.

Defendants are correct that "[t]he scope of defendant[s'] duty is, in the first instance, an issue of law for the court" (*Moeske v*

*Nalley*, 295 AD2d 857, 858 [2002]). Unquestionably, "[a]n attorney has the responsibility to investigate and prepare every phase of his or her client's case" (*Brady v Bisogno & Meyerson*, 32 AD3d 410, 410 [2006], *lv denied* 7 NY3d 715 [2006]). We find as a matter of law that defendants owed such duty to plaintiff here. The question then becomes whether, in the performance of that duty, defendants " 'exercise[d] that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community' " (*Perks v Lauto & Garabedian*, 306 AD2d 261, 261 [2003], quoting *Volpe v Canfield*, 237 AD2d 282, 283 [1997], *lv denied* 90 NY2d 802 [1997]).

In reviewing the record here, it appears that plaintiff, and even the Gideon, were of the mistaken belief that plaintiff was employed by the Gideon. This is evidenced by various documents submitted by both plaintiff and the Gideon in connection with the workers' compensation claim. Notably, workers' compensation benefits were paid to plaintiff by the Gideon's workers' compensation carrier. On the other hand, plaintiff's pay stubs and W-2 statement correctly identify AMFAC Recreational Services, Inc. as her employer; however, there is no record evidence that Seligman ever asked to review those documents or made any further inquiry of plaintiff whatsoever regarding the identity of her employer. Nor is there any evidence that plaintiff intentionally misrepresented that identity (*see Green v Conciatori*, 26 AD3d 410, 411 [2006]). Under these circumstances, we agree with Supreme Court that plaintiff has raised a question of fact as to whether defendants exercised the appropriate degree of care in performing their duty to investigate the availability of a third-party claim by plaintiff (*see Guiles v Simser*, 35 AD3d 1054, 1055 [2006]), which precluded granting defendants' motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hook v Village of Ellenville*, 46 AD3d 1318, 1319 [2007]).

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.